## S91A0146. CLARK v. GRISSOM et al.
### (401 SE2d 536)

CLARKE, Chief Justice.

Grissom agreed to buy real estate from Clark. This case comes from Grissom's suit for specific performance of the sales contract. The trial court granted summary judgment to Grissom, ordering specific performance. Clark appeals.

Clark contests the propriety of summary judgment, claiming the existence of factual issues yet to be decided. He mainly points to the question of the amount of the purchase price.

As we view this case, we must first look to the sales contract itself to determine whether it definitely states a purchase price. If that question is answered in the affirmative, the court then faces the task of identifying that price. We hold that, as a matter of law, the contract definitely establishes a purchase price in the amount of $200,000 with alternative means of paying that price.

The contract in question contains the following provision:

> The purchase price of said property shall be: *Two Hundred Thousand Dollars, ($200,000.00)* to be paid in cash at closing or assume Mutual Federal Savings & Loan Association 1st Mortgage of $68,100.00 and Grissom's 2nd Mortgage of $56,100.00.

The contract further provides that the purchasers have paid to their attorney $15,000 which was to be deposited in the escrow account of their attorney ". . . and is to be applied as part payment of the purchase price of said property at the time the sale is consummated."

The first provision quoted above contains discrete recitals as to the amount of the purchase price and the manner of payment. The contract clearly says the purchase price is $200,000. This statement is

then followed with another statement setting out the manner in which the $200,000 may be paid. One means of payment would be $200,000 cash while the other means would be the assumption of the stated mortgages, which would be deducted from the cash payment.

We hold that the Grissoms are not entitled to specific performance of the contract upon the assumption of the mortgages without further payments. We therefore reverse the grant of summary judgment.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 15, 1991.

*Harmon, Smith & Bridges, Archer D. Smith III, Tyrone M. Bridges, Rachel A. Derrico,* for appellant.
*Robert E. Martin,* for appellees.